UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>KHADIJAH X. CHAPMAN,<br><br>    Defendant. | Case No. 1:22-cr-00154-AKB-1<br><br>**MEMORANDUM DECISION AND ORDER RE GOVERNMENT'S MOTIONS IN LIMINE** |

Before the Court are the Government's unopposed motions in limine. (Dkt. 42). For the reasons discussed, the Court grants in part and denies in part the Government's motions.

### I. BACKGROUND

Chapman has been charged with bank fraud in violation of 18 U.S.C. § 1344. (Dkt. 1 at pp. 5-6). The Government alleges that from February 2021 through at least March 2021, Chapman defrauded a Boise-based lender in connection with a fraudulent Paycheck Protection Program ("PPP") loan application that sought over three hundred thousand dollars for a company Chapman owned and controlled. (Dkt. 1 at pp. 2-5). The Government further alleges that the funds were purportedly sought to cover the company's business-related expenses but that Chapman did not intend to use the funds for such expenses because the company did not have any employees or legitimate business operations. (*Id.*). Chapman's jury trial is set to begin on November 13, 2023. (Dkt. 46).

### II. LEGAL STANDARD

Motions in limine are a "procedural mechanism to limit in advance testimony or evidence in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009). Like other

pretrial motions, motions in limine are "useful tools to resolve issues which would otherwise clutter up the trial." *City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1070 (9th Cir. 2017). A motion in limine should not be used, however, to resolve factual disputes or weigh evidence. *C&E Servs., Inc., v. Ashland Inc.*, 539 F. Supp. 2d 316, 323 (D.D.C. 2008).  Further, rulings on motions in limine are provisional and are "not binding on the trial judge [who] may always change his mind during the course of a trial."  *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000).  As such, "a ruling on a motion in limine is essentially a preliminary opinion that falls entirely within the discretion of the district court."  *City of Pomona*, 866 F.3d at 1070; *see Luce v. United States*, 469 U.S. 38, 41 n.4, (1984).

### III.  ANALYSIS

In motions one through five, the Government essentially asks the Court to apply the rules of evidence and other standard, well-established criminal procedures.  Specifically, the Government requests the Court preclude Chapman from victim-blaming, referencing punishment, introducing purportedly self-exculpatory statements without testifying, improperly impeaching Government witnesses, and encouraging jury nullification.  (Dkt. 42 at pp. 4-12).  Because the motions are unopposed and because the Court would apply the rules anyway, the Court grants the Government's motions one through five.  *See, e.g.*, *United States v. Lindsey*, 850 F.3d 1009, 1014-16 (9th Cir. 2017) (victim-blaming); *United States v. Frank*, 956 F.2d 872, 879 (9th Cir. 1991), *as amended on denial of reh'g* (Feb. 11, 1992) (punishment); *United States v. Fernandez*, 839 F.2d 639, 640 (9th Cir. 1988) (self-exculpatory statements without testifying); *Palermo v. United States*, 360 U.S. 343, 350 (1959) (improper impeachment of Government witnesses); *United States v. Lynch*, 903 F.3d 1061, 1079 (9th Cir. 2018) (jury nullification).

**MEMORANDUM DECISION AND ORDER RE GOVERNMENT'S MOTION IN LIMINE - 2**

In motion six, the Government seeks to introduce out-of-court co-conspirator statements under Federal Rule of Evidence 801(d)(2)(E). "For illustrative purposes," the Government provides the Court with "examples" of the types of out-of-court co-conspirator statements it seeks to introduce. (Dkt. 42 at pp. 12-14). Under Rule 801(d)(2)(E), a statement made by a party's co-conspirator during and in furtherance of the conspiracy is not hearsay. If the defendant disputes the rule applies to a statement, the Government must prove the rule's requirements by a preponderance of the evidence. *United States v. Saelee*, 51 F.4th 327, 342 (9th Cir. 2022). The Government must establish that: (1) a conspiracy or scheme existed at the time the statement was made; (2) the defendant had knowledge of and participated in the conspiracy or scheme; and (3) the statement was made in furtherance of the conspiracy or scheme. *See, e.g.*, *United States v. Bowman*, 215 F.3d 951, 960 (9th Cir. 2000). In evaluating whether the rule applies, the Court must consider the statement, but the statement does not by itself establish the existence of the conspiracy or participation in the conspiracy. *Saelee*, 51 F.4th at 342. Indeed, the Government must present independent evidence to establish the requisite connection between the defendant and the alleged conspiracy. *Id.*

As the Government acknowledges, the Government must, among other things, establish a conspiracy existed prior to introducing alleged co-conspirator statements to the jury. *See, e.g.*, *Bourjaily v. United States*, 483 U.S. 171, 175 (1987); *Bowman*, 215 F.3d at 960. At this time, the Court cannot determine whether the examples of the types of statements listed in the Government's motion are co-conspirator statements under Rule 801(d)(2)(E). As the Government requests, the Court will apply the applicable evidentiary rules. Without specific statements to consider and the independent evidence of a conspiracy, the Court denies the Government's motion six. The Court will determine the applicability of Federal Rule of Evidence 801(d)(2)(E) to potential co-

conspirator statements with the benefit of the evidence presented at trial for context. Chapman will be required to object during trial as to whether a statement was made in furtherance of the alleged conspiracy, and the Court can resolve that issue based on the statement's context in the evidence.

## IV.  ORDER

**IT IS ORDERED:**

1. The Government's Motion in Limine (Dkt. 42) is **GRANTED in PART** and **DENIED in PART.**

DATED: October 30, 2023

Amanda K. Brailsford
U.S. District Court Judge

**MEMORANDUM DECISION AND ORDER RE GOVERNMENT'S MOTION IN LIMINE - 4**